PEOPLE v HOLLAND

Docket No. 89643. Submitted September 2, 1986, at Detroit. Decided
     October 8, 1986.
     Michael D. Holland pled guilty in the St. Clair Circuit Court to
     possession of less than fifty grams of cocaine in consideration
     for the dismissal of an additional charge of possession of
     marijuana. The plea was conditional upon defendant's being
     allowed to appeal from a previous order entered by the trial
     court, James T. Corden, J., denying his motion to suppress
     evidence which was discovered when United States Customs
     officials, to inspect documents without a warrant and without
     probable cause, stopped and boarded a pleasure boat that the
     defendant was operating on the Black River in St. Clair
     County. The defendant was sentenced to three years probation.
     Defendant appeals.
          The Court of Appeals held:
          Defendant's rights against unreasonable searches and sei-
     zures were not violated. The boat was located in a designated
     port of entry. Document checks of boaters on the Black River
     serve the public interest in assisting in the deterrence and
     apprehension of smugglers, the regulation of imports and ex-
     ports and the enforcement of environmental laws and United
     States shipping laws. Random stops for document checks are
     necessary to achieve the state's interests.
          Affirmed.

CRIMINAL LAW — SEARCHES AND SEIZURES — DOCUMENT INSPECTIONS
     BY CUSTOMS OFFICIALS.
     A defendant's right against unreasonable searches and seizures is
     not violated when United States Customs officials, without a
     warrant and without probable cause, board the defendant's
     boat for a document inspection and discover a controlled sub-
     stance in their plain view where the boat was located in an

REFERENCES
Am Jur 2d, Customs Duties and Import Regulations §§ 128, 129,
     134, 135.
Validity of border searches and seizures by customs officers. 6 ALR
     Fed 317.

area providing access to the boundary between the United States and Canada (19 USC 1581).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert H. Cleland,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*William Dobreff,* for defendant.

Before: J. H. GILLIS, P.J., and WAHLS and SULLIVAN, JJ.

PER CURIAM. Defendant Michael D. Holland was charged with one count of possession of less than fifty grams of cocaine, MCL 333.7403, subds (1) and (2)(a)(iv); MSA 14.15(7403), subds (1) and (2)(a)(iv), and one count of possession of marijuana, MCL 333.7403, subds (1) and (2)(d); MSA 14.15(7403), subds (1) and (2)(d). Pursuant to a plea bargain, he pled guilty to the possession of cocaine charge in consideration for the dismissal of the possession of marijuana charge. The plea however was conditional upon defendant's being allowed to appeal from a previous order entered by the trial court denying his motion to suppress. Sentenced to three years probation, defendant now appeals as of right. We affirm.

At the hearing on the motion to suppress, it was stipulated that defendant and a Bernard Lindeman were operating a pleasure boat on the Black River in St. Clair County which was stopped and boarded by United States Customs officials for a documents inspection pursuant to 19 USC 1581(a). Apparently, as defendant took his identification out of his pocket, a packet containing cocaine fell to the floor. The officers then searched the boat and found the marijuana. It is undisputed that at the time the boat was stopped, the customs offi-

cials had no knowledge of whether the boat had crossed international lines nor of the illegal contraband on board.

Defendant now argues on appeal that the initial stop and boarding of the vessel without a warrant and without probable cause violated his rights against unreasonable searches and seizures under both US Const, Am IV and Const 1963, art 1, § 11. We disagree.

19 USC 1581 provides that "[a]ny officer of the customs may at any time go on board of any vessel . . . at any place in the United States . . . and examine the manifest and other documents and papers . . . and to this end may hail and stop such vessel . . . ." In *United States v Villamonte-Marquez,* 462 US 579; 103 S Ct 2573; 77 L Ed 2d (1983), the Supreme Court held that a stop of a vessel without a warrant and without suspicion, conducted pursuant to this statute, was reasonable under the Fourth Amendment where the boat was located in water providing access to the open sea. Noting that the constitutionality of such boardings are to be judged by balancing the intrusion they cause on the suspect's Fourth Amendment interests against the promotion of legitimate governmental interests served by the intrusion, the Court concluded that "[t]he nature of the governmental interest in assuring compliance with documentation requirements, particularly in waters where the need to deter or apprehend smugglers is great, is substantial; the type of intrusion made in this case, while not minimal, is limited." 462 US 593.

Application of *Villamonte-Marquez* to the instant facts warrants a finding that defendant's constitutional rights were not violated. Defendant's boat was located in the Black River, a designated port of entry, off the St. Clair River,

which itself serves as a boundary between the United States and Canada. Consequently, due to the easy access the river provides to Canada, document checks of boaters thereon serve the same public interests as those present in *Villamonte-Marquez*. As elaborated upon by that Court, documentation laws assist in the regulation of imports and exports and the enforcement of environmental laws and United States shipping laws. 462 US 591. Further, enforcement of the documentation laws requires only a brief detention, during which searches are limited to a visual inspection of only those areas within the official's plain view. Unfortunately there does not appear to be a way to enforce the stated public interests in a less intrusive manner. Due to the nature of the waterborne commerce, permanent checkpoints, such as the type utilized on main roads leading away from borders, cannot be maintained.[1] The random stops therefore appear to be necessary to achieve the state's interests.

We accordingly hold that defendant's rights under either the United States or the Michigan Constitution were not violated. Although defendant asks us to interpret the Michigan Constitution in a manner which would afford him greater protection than under the United States Constitution, we are not persuaded that we should strike a different balance than did the Supreme Court in *Villamonte-Marquez*.

Affirmed.

[1] In *United States v Martinez-Fuerte,* 428 US 543; 96 S Ct 3074; 49 L Ed 2d 1116 (1976), the Supreme Court upheld the authority of federal border patrols to maintain permanent checkpoints at major roadways leading away from international borders, at which vehicles may be stopped for brief questioning even though officials have no reason to believe that such vehicles contain illegal aliens.